IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KATHY DARLENE BRADFORD )
) No. 3-11-0518
v. )
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security )

O R D E R

On October 24, 2011, the defendant filed a motion for remand (Docket Entry No. 15), which the plaintiff did not oppose. See Docket Entry No. 17, and Docket Entry No. 20, at 1.

As a result, the plaintiff's motion for judgment on the administrative record (Docket Entry No. 13) is rendered MOOT, and the Clerk is directed to terminate that motion as pending.

In her response to the defendant's motion to remand (Docket Entry No. 17), the plaintiff specified that she did not oppose remand provided that the order of remand includes certain directions to the Commissioner upon remand, as set out by the defendant in its memorandum (Docket Entry No. 16) in support of his motion to remand. The plaintiff further requested that the remand order make it clear that she is entitled to a new hearing at which time she may personally appear unless the ALJ affirmatively finds that her presence may pose a hazard to hearing office personnel due to her history of a MRSA infection.

In the defendant's reply, the Commissioner does not object to including the specific directions in the remand order, as suggested by the plaintiff, but objects to including the plaintiff's clause about how the plaintiff's appearance will be made, citing agency regulations that permit a hearing without an in-person appearance by the claimant unless the claimant objects, in which case the ALJ must arrange an in-person appearance.

In accord with the order entered November 14, 2011 (Docket Entry No. 19), the plaintiff filed a sur-response (Docket Entry No. 20) to address whether, in light of the defendant's representation that, if an in-person hearing is not scheduled but the plaintiff objects to participating remotely, an in-person hearing will be scheduled. In that sur-response, the plaintiff contends that the plaintiff has an absolute right to personally appear before the ALJ unless she consents in writing

to appearing by video teleconferencing or through a representative. The Court does not read 20 C.F.R. § 404.950(b) and § 416.1450(b) as the plaintiff does inasmuch as it appears that those sections require the plaintiff's consent not to appear <u>at all</u>--either in person or by video. In contrast, as the defendant provided, 29 C.F.R. § 404.936(c)-(e) 416.1436(c)-(e) provides that, if a claimant's appearance is scheduled by video teleconference, the claimant must object, preferably in writing, to appearing by video teleconference, in which case the ALJ will find good cause to schedule or reschedule the hearing so that the claimant can appear in person.

It appears to the Court that including references to the applicable regulations is sufficient to address the plaintiff's concerns. Although the plaintiff appears to concede that the ALJ may have legitimate concerns about MRSA, the Court cannot find any regulation that allows an ALJ to preclude a claimant from an in-person appearance, on the basis of an infectious disease or any other reason, if she has objected to appearing by video teleconferencing.

Therefore, the Clerk is directed to forward the file in this case to the Honorable John T. Nixon for his consideration of the defendant's unopposed motion to remand and accompanying memorandum (Docket Entry Nos. 15 and 16), and to include in any order of remand the following language, to which both parties agree:

> On remand, the Agency will address the plaintiff's request to reopen prior disability determinations, address her headache impairment, further evaluate medical opinion and residual functional capacity issues, and obtain and evaluate vocational evidence under applicable law.

Further, the Magistrate Judge recommends that the order also include the following language:

> 29 C.F.R. § 404.936, § 416.1436, § 404.950, and § 416.1450 shall apply to the scheduling of the hearing before the ALJ.

Unless otherwise directed by the Court or upon motion of the parties, there will be no further proceedings before the Magistrate Judge in this case.

It is so ORDERED.

                       *Juliet Griffin*
                     JULIET GRIFFIN
                     United States Magistrate Judge